**In re UNITED PARCEL SERVICE, INC. (OHIO); United Parcel Service; United Parcel Service of America.**

**No. 88–3016.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 13, 1988.

Decided Feb. 24, 1988.

Charles F. Clarke, Howard J. Nichols (argued), Bradley J. Bickett, Elizabeth A. Rader, Squire, Sanders & Dempsey, Cleveland, Ohio, for United Parcel Service, Inc. (Ohio), petitioner.

Craig M. Keats (argued), Interstate Commerce Com'n, Arlington, Va., for Interstate Commerce Com'n, intervenor.

William W. Falsgraf (argued), Baker & Hosteller, Cleveland, Ohio, for B.J. Alan Co., Olde Glory Marketing Ltd., Neptune Fireworks Co., Nebraska Fireworks.

Richard H. Streeter (argued), Barnes & Thornburg, Washington, D.C., for Old Glory Marketing, Ltd.

Daniel I. Davidson (argued), Spiegel & McDiarmid, Washington, D.C., for B.J. Alan Co.

Before ENGEL, KENNEDY, and KRUPANSKY, Circuit Judges.

PER CURIAM.

Petitioner, United Parcel Service, ("UPS") seeks the issuance of a writ of mandumus to the United States District

Court for the Northern District of Ohio, directing that Court to vacate its order of January 7, 1988, 677 F.Supp. 912, enjoining UPS's new tariff, which excluded the shipment of fireworks by the carrier. Because we agree that the District Court had no jurisdiction to enjoin the new UPS tariff, we hereby issue a writ of mandamus to the District Court ordering the Court to vacate its January 7, 1988 injunction.

On November 24, 1987, UPS filed a proposed tariff with the Interstate Commerce Commission ("ICC") which provided that "Common fireworks as defined in Department of Transportation Hazardous Material Regulations, 49 C.F.R. 173.100(r), will not be accepted by the carrier for transportation." Over protests by B.J. Alan Co., Inc., and other fireworks manufacturers, the ICC determined on December 28, 1987 not to suspend the tariff pending final ICC action on the matter. This decision was upheld on December 31, 1987 by an ICC review panel. As of January 1, 1988 UPS stopped shipping fireworks.

The fireworks manufacturers, alleging irreparable harm to their businesses petitioned the District Court to enjoin operation of the new tariff until such time as they could pursue a full complaint and determination of the legality of the new tariff before the ICC, under 49 U.S.C. §§ 10701–10708. The District Court, although expressing some reservations about its jurisdiction of a court in these matters, issued the requested injunction to maintain the status quo pending full ICC review:

> It is notable, however, that Plaintiffs' request for stay of implementation would draw this court precariously close to interference with matters exclusively reserved to the ICC since their non-final orders are not subject to judicial review.

> Although the effect of a federal court order may appear, at first blush, to be a judicial review of the ICC's suspension decision, in reality that is not the case in all instances. When strong equitable and public interest considerations cry out for some relief, a court should assure that unnecessary harm is avoided by merely maintaining the status quo while

the matter proceeds before the ICC, without contravening either the ICC's primary jurisdiction or its authority to issue interlocutory orders without judicial review.

District Court Order at 2 [citations omitted].

While we are sympathetic to the difficulties that the fireworks manufacturers may face while awaiting a final decision of the ICC in this matter, we find little support for the District Court's action. The Supreme Court spoke definitively on this subject in *Arrow Transportation Co. v. Southern Railway*, 372 U.S. 658, 667, 83 S.Ct. 984, 988–89, 10 L.Ed.2d 52 (1963), when it explained that when Congress granted the power to suspend tariffs to the ICC it "meant thereby to vest in the Commission the sole and exclusive power to suspend and to withdraw from the judiciary any preexisting power to grant injunctive relief."

The fireworks manufacturers argue that *Arrow* is not dispositive in this case because *Arrow* only considered jurisdictions of courts to enjoin new tariff rates, and does not apply to services provided by carriers as in this case. We disagree. In *Akron, Canton & Youngstown Railroad Company v. I.C.C.*, 611 F.2d 1162 (6th Cir. 1979), *cert. denied*, 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 34 (1980), this Court held that the ICC's decision to allow carriers to exclude nuclear materials from their tariffs was a "classification" under the Act and therefore was within their extensive ratemaking powers under 49 U.S.C. § 10704. Our finding in *Akron* leads us to the conclusion that because the decision to exclude fireworks from a tariff is governed by the ICC's ratemaking authority, the District Court had no more power to enjoin the ICC in this case than it did in *Arrow*.

We hereby issue a writ of mandamus to the District Court directing it to vacate its January 7, 1988 order enjoining the new UPS tariff.